SULIVAN v. BROWNE.　See Case No. 13,-593.

SULLIVAN (DEXTER v.).　See Case No. 3,-868.

───────

## Case No. 13,594.

### SULLIVAN v. HIESKILL.

[Crabbe, 525;[1] 4 Pa. Law J. 171; 2 Pa. Law J. Rep. 383.]

District Court, E. D. Pennsylvania.　Dec. 7, 1843.

BANKRUPTCY—PREVIOUS ASSIGNMENT — STATE IN-SOLVENT ACT.

L. made a voluntary assignment to H., with preferences; subsequently he took the benefit of the insolvent laws of Pennsylvania, and again made an assignment to H., as required thereby; afterwards he was declared a bankrupt, on his own petition, in this court. Under these facts the assignee in bankruptcy could not recover from H. the property passed to the latter by the previous assignments.

This was a motion to take off a nonsuit. It appeared that on the 30th October, 1841, Henry Lewis made a general assignment to the defendant [Thomas Hieskill] for the benefit of certain preferred creditors; that in January, 1842, he applied for the benefit of the insolvent laws of Pennsylvania; and that, on his discharge in February, 1842, the defendant was appointed his assignee, as required by those laws. Under these assignments the defendant came into possession of all Lewis's property, including that for the value of which this action was brought. In March, 1843, Lewis filed his petition in this court for the benefit of the bankrupt law [of 1841 (5 Stat. 440)], and on the 29th April, of that year, was declared bankrupt. The plaintiff [John T. S. Sullivan], was appointed assignee in bankruptcy, and thereupon brought this action of trover for the value of certain machinery of Lewis's then in defendant's hands under the assignments before mentioned.

The case came on for trial on the 7th December, 1843, before RANDALL, District Judge, and a jury, and was argued by Sullivan, for the plaintiff, and by Perkins, for the defendant. The plaintiff was nonsuited, with leave to move to take the nonsuit off.

RANDALL, District Judge.　On the 30th of October, 1841, the bankrupt made a voluntary assignment of all his estate to the defendant, for the benefit of certain of his creditors in the first instance, and on the 13th of January, 1842, he applied to the court of common pleas, of the county of Phil-

[1] [Reported by William H. Crabbe, Esq.]

adelphia, for the benefit of the insolvent laws of the state of Pennsylvania.　On the 5th of February, 1842, he was discharged, and the defendant appointed his assignee, according to the provisions of those laws.　Under these assignments the defendant obtained possession of and sold the property of Lewis, who, in March, 1843, filed a voluntary petition for the benefit of the bankrupt law, and was, on the 29th of April, decreed a bankrupt.　The plaintiff, having been appointed his assignee, brought his action of trover to recover from the defendant the value of the property received by him under the voluntary assignment, on the ground that such assignment was fraudulent and void, as containing preferences contrary to the provisions of the bankrupt law.　At the trial of the case, after hearing the plaintiff's evidence, a nonsuit was imposed, with leave to the plaintiff to move to take it off, should he think proper to do so.　That motion having been made is now to be disposed of.

It is argued that the assignment of the 30th October, 1841, being contrary to the provisions of the bankrupt law, passed no interest in the property to the assignee, and by the express provision of that act, is utterly void and a fraud upon the law, which declares that the assignee under the bankruptcy shall be entitled to claim, sue for, recover, and receive the property attempted to be assigned as part of the assets of the bankrupt. It is also said, that the assignment under the insolvent laws vested no interest in the defendant, because, as to the petitioner, the first assignment was binding on him, and he had no property to assign, and because the insolvent laws of the state were suspended during the existence of the bankrupt law.

As to the voluntary assignment, no doubt it was utterly void and a fraud upon the bankrupt law; it passed no property to the assignee, and in Thomson v. Dougherty, 12 Serg. & R. 448, it was held by Judge Duncan, that a fraudulent assignment, void as to creditors, was binding on the assignor and all persons claiming under him; that the property passed out of him, and could not be recovered by his assignees under a subsequent assignment, valid for other purposes, although it might be reached by creditors, and sold under executions on judgments obtained subsequently to both assignments.　But this doctrine was re-examined by the whole court, in Englebert v. Blanjot, 2 Whart. 240, and it was then held, that in case of a void assignment, either from fraud or otherwise, the title to the property remained in the assignor so far as was necessary to protect the interests of his creditors, and that a subsequent assignee under the insolvent laws had a right to sue for, and recover the property from the original assignee. The reasons for this decision, as given by Chief Justice Gibson, are to my mind conclusive of this motion, unless there is force in the objection, that the insol-

vent laws were suspended during the existence of the bankrupt law.

The Case of Eames [Case No. 4,237], decided by Judge Story, which has been referred to, must be taken with reference to the case before the court. It was there said that as soon as the bankrupt act went into operation, it, ipso facto, suspended all action upon future cases under the state insolvent laws, when the insolvent persons were within the purview of the bankrupt act; but the learned judge spoke in reference to state insolvent laws having the effect of the bankrupt law when it discharged the debtor from the obligation of prior contracts. Now the insolvent laws of Pennsylvania have no such effect. They merely protect the person from imprisonment, and do not affect the contract; indeed, they expressly provide (Act June 16, 1836, § 40; Dunl. Laws, 3d Ed., p. 724), that "the real and personal estate acquired by any debtor, after his discharge, as aforesaid, or in which he shall thereafter become entitled to any interest, legal or equitable (except such as may be by law exempted from execution), shall be subject to his debts, engagements, and other liabilities, in like manner, and in all respects, as if such discharge had not taken place." The assignment under the state insolvent laws is for the equal benefit of all the creditors; and in the present case, the proceedings were consummated long before the application was made for the benefit of the bankrupt law; that application was voluntary, and indeed, for aught that appears in these proceedings, the petitioner was not a person liable to be declared a bankrupt against his will.

Whether, then, we consider this as an assignment by process of law, or a voluntary assignment for the equal benefit of all the creditors, according to the principles laid down by the circuit court of this district in Ex parte Dudley [Case No. 4,114], and in Anon. [Id. 467], the property vested in the assignee under the state insolvent laws, and the plaintiff cannot recover in this action.

The motion must, therefore, be dismissed.